James C. VOLIVA, Plaintiff–Appellant,

v.

SEAFARERS PENSION PLAN,
Defendant–Appellee,

and

Seafarers International Union of North
America; Joe Digiorgio, Trustee;
Frank Drozak; Roman Galewicz; Paul
Dempster; Steve Edney, Defendants.
(Two Cases)

Nos. 88–1542, 88–1552.

United States Court of Appeals,
Fourth Circuit.

Argued July 6, 1988.

Decided Sept. 29, 1988.

Mary G. Commander (Paul M. Lipkin, Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C., Norfolk, Va., on brief), for plaintiff-appellant.

Karen Lindemann Acors, Norfolk, Va., for defendant-appellee.

Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.

MURNAGHAN, Circuit Judge:

James C. Voliva first corresponded with the Seafarers' Pension Plan (Plan) in 1981 regarding his eligibility for a disability pension. The Plan responded by stating that Voliva lacked sufficient service time. During the next three years Voliva corresponded with the Plan regarding his service time and the eligibility of various periods for credit. The Plan calculated the days of service on four different occasions. The last calculation evidently occurred as a result of a May 1984 appeal to the Plan's trustees by Voliva.

Voliva filed suit in the Eastern District of Virginia in April 1987 seeking a ruling that the trustees' decision not to grant him a disability pension was in violation of the Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. §§ 1001–1461 and the Vietnam Era Veterans Readjustment Assistance Act (Veterans Act), codified at 38 U.S.C. §§ 2021–2026. The case went to trial on two issues, whether the days of credited service should include (1) 637 days for which Voliva was on "maintenance and cure" and (2) 730 days for which Voliva served in the Coast Guard. The district court ruled in Voliva's favor on the first issue and in the Plan's favor on the second. 680 F.Supp. 216. Voliva needed credit for both periods to qualify for a pension. The district court therefore ruled that the Plan did not improperly deny Voliva a disability pension and granted judgment for the Plan. The district court in its order did not address Voliva's request for attorney's fees.

Only the Coast Guard service time and attorney's fee issues are issues on appeal.

The Plan does not contest the trial court's ruling on the maintenance and cure time.

1. *Whether the Plan trustees improperly denied Voliva's application for a disability pension*

■ A threshold matter is determination of the proper standard by which the district court should have reviewed the decision of the Plan trustees not to grant Voliva a disability pension. Resolution of that inquiry is complicated by the interaction of ERISA and the Veterans Act. The Seafarers Pension Plan is a duly constituted ERISA plan. ERISA provides that a civil action may be brought by a plan participant or beneficiary to recover benefits and otherwise enforce his rights under a plan. 29 U.S.C. § 1132(a)(1)(B). In reviewing decisions of those who administer ERISA plans, district courts of this circuit must employ a deferential standard, *i.e.*, the decisions of the administrators of the plans may be overturned only if plaintiff can prove that they were arbitrary or capricious, *e.g.*, whether unsupported by substantial evidence. *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir.1985). Further, the court must consider only the record before the plan administrator at the time it reached its decision. *Id.* We have reversed the judgments of district courts in which they have considered and relied upon *evidence* not part of the administrative record. In addition, other circuits, and most notably the District of Columbia Circuit in the case from which the Fourth Circuit drew its ERISA standard of review, *see Horn v. Mullins*, 650 F.2d 35, 37 (4th Cir.1981) (citing *Danti v. Lewis*, 312 F.2d 345 (D.C.Cir.1962)), have held that district courts should also not consider *arguments* that do not appear in the administrative record. *Danti*, 312 F.2d at 350.

In the present case, the district court went outside of the administrative record in both respects. It considered evidence and an argument that were not part of the administrative record. The evidence was testimony of Jesse Voliva (appellant's brother) and Dianne Voliva (appellant's wife) concerning whether Voliva had properly made application for reemployment

following his discharge from the Coast Guard. In addition, the Plan trustees argued before the district court that Voliva had left a temporary position when he enlisted so that the Veterans Act right to reemployment did not attach, an argument not appearing in the administrative record. Evidently, the only argument asserted in the administrative record for inapplicability of the Veterans Act was that Voliva had not applied for reemployment.

 Whether or not the district court exceeded its permissible scope of review,[1] it is apparent that Voliva, the party who introduced new evidence in the district court over the Plan's objection, cannot now claim reversible error on this ground. Moreover, since the improperly admitted evidence was introduced to refute the ground upon which the Plan grounded its denial of a disability pension, Voliva cannot argue that the district court was foreclosed from considering the Plan's alternative argument.

The Veterans Act protects certain employee benefits of persons who enter military service and who leave a "position (other than a temporary position)." 38 U.S.C. § 2021(a). A position is one "other than a temporary position" if "there is a reasonable expectation that employment would be continuous and for an indefinite time." *Collins v. Weirton Steel Co.*, 398 F.2d 305, 309 n. 6 (4th Cir.1968) (quoting *Moe v. Eastern Air Lines*, 246 F.2d 215, 219 (5th Cir.1957), *cert. denied*, 357 U.S. 936, 78 S.Ct. 1380, 2 L.Ed.2d 1550 (1958)).

 Seafarers' International Union's membership is divided into three classes: A, B and C. C class members can only obtain jobs not taken by A and B class members. C class members can only take jobs lasting for 60 days or one round trip. The district court cited those characteristics of C class membership to support its decision that Voliva's position as a C class member was temporary. As additional

support, the district court noted that Voliva had testified that he had not found maritime work for some seven months prior to his enlistment in the Coast Guard, though he had spent much time waiting at the union hall.

In reviewing the district court's judgment, we apply an abuse of discretion standard, since a factual finding is at issue. We hold that the district court did not abuse its discretion in concluding that Voliva's position was not other than temporary. *Howie v. Lance, Inc.*, 172 F.2d 107, 108 (4th Cir.1949).

## 2. *Whether Voliva is entitled to an award of attorney's fees*

██ ERISA provides "[i]n any action under this subchapter ... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

The district court's judgment implicitly denied plaintiff's request for attorney's fees by failing to address the matter. Plaintiff, while agreeing that an award is within the discretion of the district court, argues that it was error for the district court not to state whether, regardless of the outcome, it considered such an award and what the result of its consideration was. We would have preferred reasons from the district court, but we have reviewed plaintiff's arguments and find that the district court did not abuse its discretion in declining to award attorney's fees. Plaintiff prevailed only on the issue of maintenance and cure. To prevail and be entitled to a fee award, plaintiff needed to win both issues. Since none of the disability benefit sought was won, it was not an abuse of discretion on the part of the district court not to award attorney's fees.

AFFIRMED.

---

1. Because we conclude that the correctness of receipt of the new evidence and consideration of the new argument are not determinative, we do not express any view on the district court's dual justifications for affording *de novo* review: (1) that ERISA does not require a more deferential standard where a private plan is interpreting a federal statute, and (2) that because the Veterans Act does not require a deferential standard of review, *de novo* review is appropriate in this case.