12 F.3d 204
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Teresa J. BROBERG, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-1221.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 8, 1993
Decided: November 30, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Peter M. Baskin, Pelton, Balland, Young, Demsky & Baskin, P.C., for Appellant.
 Fred C. Alexander, Jr., McGuire, Woods, Battle & Boothe, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 OPINION
 
 1
 Teresa J. Broberg appeals from the district court's order dismissing her Complaint filed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. Secs. 1001-1461 (West1985 & Supp.1993), to recover the full costs of chiropractic care pursuant to an employee benefit plan with Aetna Life Insurance Company. Aetna partially paid for the chiropractor's care, but denied payment on $10,646.29 of charges. The chiropractor failed to justify these charges and Aetna's independent examiners determined that these charges were excessive or unnecessary. Finding that the plan administrator's denial of benefits was not arbitrary or capricious, the district court granted judgment for Aetna and dismissed Broberg's Complaint. This timely appeal followed.
 
 
 2
 Where a denial of benefits is challenged under ERISA and the underlying benefits plan gives the plan administrator discretionary authority to determine eligibility, the plan administrator's decision may be disturbed "only upon a showing of procedural or substantive abuse." DeNobel v. Vitro Corp., 885 F.2d 1180, 1186 (4th Cir.1989); see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In applying this standard, courts may only consider evidence and arguments which were before the plan administrator at the time of the challenged decision. Voliva v. Seafarers Pension Plan, 858 F.2d 195, 196 (4th Cir.1988).
 
 
 3
 Broberg concedes that the benefits plan here at issue gives discretionary authority to the plan administrator, thus subjecting this case to the deferential standard of review set forth in DeNobel. She asserts, however, that the plan administrator acted arbitrarily and capriciously in denying benefits, and thus abused its discretion, by failing to take into account payments made to a second chiropractor on her behalf after denying the payments here at issue. This argument must fail, because it was not presented to the plan administrator. Voliva, 858 F.2d at 196. It is also unclear how this information is relevant or helpful.
 
 
 4
 Absent other evidence that the plan administrator abused its discretion in denying full benefits for chiropractic services provided to Broberg, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED