UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

DWIGHT L. WILCOX, II,
Plaintiff-Appellant,

v.

No. 98-1036

RELIANCE STANDARD LIFE INSURANCE
COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-97-605-S)

Argued: December 2, 1998

Decided: March 23, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished opinion. Senior Judge Michael wrote the
opinion, in which Judge Motz joined. Judge Williams wrote a concur-
ring opinion.

_____

COUNSEL

ARGUED: William Parry Dale, MCCHESNEY & DALE, P.C.,
Bowie, Maryland, for Appellant. Michael J. Burns, CHRISTIE,
PABARUE, MORTENSEN & YOUNG, P.C., Philadelphia, Pennsyl-

vania, for Appellee. **ON BRIEF:** Charles F. Fuller, MCCHESNEY & DALE, P.C., Bowie, Maryland, for Appellant. James A. Young, CHRISTIE, PABARUE, MORTENSEN & YOUNG, P.C., Philadelphia, Pennsylvania; Eric S. Lipsetts, Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

MICHAEL, Senior District Judge:

This is an ERISA case. The action was brought by the appellant, Dwight Wilcox, following a denial of his application for long term disability benefits by appellee, Reliance Standard Life Insurance Company ("plan" or "Reliance"). The district court granted appellee's motion for summary judgment finding that the plan administrator acted reasonably in exercising his discretion to deny the benefits sought. For the reasons discussed below, we affirm.

I.

The focus of this dispute is an employee disability benefits plan issued by defendant, Reliance Standard, covering employees of the plaintiff's former employer. Beginning in late 1992 or early 1993, Mr. Wilcox argues that he was diagnosed as suffering from fibromyalgia. Despite the diagnosis of this illness in early 1993, the plaintiff continued to work until June 30, 1995. On January 5, 1996 the plaintiff tendered a claim seeking benefits for total disability due to "esophageal eruption, fibromyalgia, clinical depression, chronic fatigue [and] recurrent diarhea [sic]." Reliance denied the claim on July 8, 1996. In its denial letter Reliance seems to articulate two reasons for its decision: (1) Wilcox failed to provide objective medical evidence of an illness that prevents him from performing his job; (2) whatever illness may be present was pre-existing.[1] Wilcox requested a review of this

_____

[1] Reliance did not specifically state that it believed any illness that Wilcox might be suffering under was pre-existing. Instead, the appellant

2

denial and Reliance affirmed its original denial for the same reasons asserted in the first denial. This action followed.

In late 1992 or early 1993 Mr. Wilcox contends that he began to suffer "from a cluster of symptoms which severely" impacted his ability to do his job.[2] Dr. Richard Colgan diagnosed these symptoms as being caused by fibromyalgia[3] and indicated that the symptoms first appeared in February 1993. Though plaintiff eventually sought opinions from a number of other doctors, none of those doctors actually saw the plaintiff until after June 30, 1995 when he had left his job. It is, therefore, questionable whether they can speak to his disability during the time he was employed and covered by the plan administered by Reliance. Plaintiff's doctors do not all agree that plaintiff suffers from fibromyalgia. In considering Mr. Wilcox's claim, Reliance received and considered information from a long list of doctors who treated the plaintiff. The review of Mr. Wilcox's claim was conducted by a disability claims manager, was reviewed by a claims supervisor, and included consultation with an in-house nurse who concedes no expertise or specific knowledge of fibromyalgia. Reliance ultimately determined that Mr. Wilcox's file lacked objective medical documen-

_____

noted that the symptoms complained of had a twenty year history.

[2] The symptoms include: chronic, severe joint pain, inability to concentrate, extreme fatigue, recurring headaches, insomnia, inability to remain awake, need for frequent naps in his office, loss of short term memory, loss of endurance, loss of organizational skills, inability to articulate things.
[3] "Fibromyalgia, also called fibrositis, is a syndrome of musculoskeletal pain that occurs within the broad spectrum of non-articular rheumatism. Pain may arise from structures outside of the joint, such as the bones, tendons, ligaments, and muscles. Patients often complain of musculoskeletal pain, stiffness, and easy fatigability. Patients with fibromyalgia are symptomatically made worse by stress. Some people have felt that fibromyalgia is a masked form of depression, or an anxiety disorder. However, psychological tests have been normal in many fibromyalgia patients. Fibromyalgia is a disease of dysfunction, rather than a progressive physical deterioration to crippling deformities." Yeager v. Reliance Standard Life Insurance, 88 F.3d 376, 378 (6th Cir. 1996).

3

tation that substantiates the existence of "total disability" as defined by the plan.**4**

The district court granted summary judgment in favor of Reliance. In a well reasoned opinion, the court determined that the appropriate standard for it to use in reviewing the benefits denial was the "modified abuse-of-discretion" standard identified in <u>Ellis v. Metropolitan Life Ins. Co.</u>, 126 F.3d 228 (4th Cir. 1997). Applying this standard, the court concluded that "an administrator or fiduciary, free of any conflict of interest, would have been reasonable in exercising its discretion to deny the benefits sought in this case."

II.

Appellant first contends that the lower court erred in applying an abuse of discretion standard to its review of Reliance's denial of benefits. We review the district court's application of the abuse of discretion standard <u>de novo</u>. <u>Brogan v. Holland</u>, 105 F.3d 158, 161 (4th Cir. 1997). Where a benefit plan grants an administrator discretionary authority to determine eligibility or to construe the terms of the plan, the denial decision must be reviewed for abuse of discretion. <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 111, 115 (1989). Reliance points to language in the plan's "Insuring Clause" to establish that it had the requisite discretion to grant or deny benefits. The "Insuring Clause" states:

> INSURING CLAUSE: We will pay a Monthly Benefit if an Insured:

---

**4** The group policy defined Total Disability as follows:

> "Totally Disabled" and "Total Disability" mean that as a result of an Injury or Sickness:
>
> (1) during the Elimination Period and for the first 60 months for which a monthly benefit is payable, an insured cannot perform the material duties of his/her regular occupation ....

"Sickness" is defined by the plan as an "illness or disease causing Total Disability <u>which begins while insurance coverage is in effect for the insured</u>...."

4

(1) is Totally Disabled as the result of a Sickness or Injury covered by this Policy;

(2) is under the regular care of a physician;

(3) has completed the Elimination Period; and

(4) submits satisfactory proof of Total Disability to us.

(emphasis added). Though the Fourth Circuit has not had occasion to construe "satisfactory to us" language as granting discretion, district courts in this circuit have interpreted "satisfactory proof" language as conferring on the administrator discretion to grant or deny benefits and sister circuit courts considering identical or similar language have also determined that it conferred discretion. Ceasar v. Hartford Life & Accident Ins. Co., 947 F.Supp. 204, 206 (D.S.C. 1996); Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376 (6th Cir. 1996); Snow v. Standard Ins. Co., 87 F.3d 327 (9th Cir. 1996); Donato v. Metropolitan Life Ins. Co., 19 F.3d 375 (7th Cir. 1994). Only the most tortured reading of the language in Reliance's "Insuring Clause" could lead to a conclusion that the plan in this case is not vested with the discretionary authority to determine eligibility for benefits.

Having determined that the abuse of discretion standard is required in this case, the district court correctly went on to consider the conflict of interest presented by Reliance's positions as fiduciary of the plan's beneficiaries and as the plan's insurer. Bedrick v. Travelers Ins. Co., 93 F.3d 149 (4th Cir. 1996). This court has previously held that the effect of such a conflict is to reduce the deference normally given under the abuse of discretion standard, but only to the extent necessary to counteract any influence unduly resulting from the conflict. Id. Mr. Wilcox adduced no evidence of a conflict other than the inherent conflict present when a plan administrator acts as both fiduciary and insurer. We, therefore, find that the district court was correct in its application of the modified abuse of discretion standard.

III.

We turn next to whether Reliance abused its discretion in denying benefits to Mr. Wilcox. As is so often stated in ERISA cases, this

5

court cannot substitute its judgment for that of the plan administrator where the administrator's decision was reasonable. In their denial letter to Mr. Wilcox, Reliance informs the plaintiff that it has considered the documents submitted by the plaintiff's doctors and notes that he has "a 20 year history of recurrent GI problems, vomiting, diarrhea, major depression and fibromyalgia." After reviewing this evidence and the other information submitted by the plaintiff, Reliance concluded: "Given these facts, we have determined that you do not meet your group policy's definition of Total Disability and your claim must be denied." The policy indicates that a beneficiary can only collect long term disability benefits for a sickness "which begins while insurance coverage is in effect." Based on the evidence submitted by plaintiff's own doctors, a decision maker could reasonably conclude that Mr. Wilcox suffered from a pre-existing illness and as such was not covered by the plan.

Instead of resting its decision to deny benefits on this ground alone, Reliance also stated that it would not award benefits without "objective medical information" that documents "the presence of a physical or mental condition limiting your ability to perform your own or regular occupation." Appellant contends that it is unreasonable to demand objective evidence of fibromyalgia where, given the current state of science, there are no objective tests to diagnose the disorder. In response, Reliance argues that it did not request objective proof of the fibromyalgia, but sought objective proof that the appellant was totally disabled. Throughout the course of this litigation, Reliance has been unable to inform Mr. Wilcox what type of evidence would have satisfied their request and Reliance's argument attempting to distinguish between objective evidence that Mr. Wilcox is totally disabled and objective evidence that he has fibromyalgia seems to us to be hair splitting of the highest order. Though other circuits have addressed somewhat similar requests for objective proof and determined that in the context of fibromyalgia, the request is unreasonable, we need not reach this troubling issue here. See, e.g., Mitchell v. Eastman Kodak Co., 113 F.3d 433 (3rd Cir. 1997). Reliance clearly referred to appellant's 20 year history of pre-existing symptoms and was not unreasonable in denying benefits on the basis that Mr. Wilcox's condition pre-existed his status as an insured under the plan.

IV.

Accordingly, the district court's order granting summary judgment to defendant is

AFFIRMED.

WILLIAMS, Circuit Judge, concurring in the judgment:

I agree that the long-term disability contract permitted Reliance to exercise its discretion in considering Wilcox's claim. I also agree that Reliance did not abuse that discretion when it denied Wilcox's claim for disability, but for somewhat different reasons.

The majority agrees that the contractual phrase granting Reliance discretion in its claim-evaluation process states that a claim will be paid if "satisfactory proof of Total Disability" is submitted. (J.A. at 227.) Reliance based its denial on that allowable exercise of discretion -- that the "satisfactory proof" it required was not provided. Circumstances of Wilcox's situation did not make Reliance's evidentiary requests unreasonable. Wilcox's previous ability to work despite a twenty-year history of various medical difficulties, combined with a lack of consensus among his treating physicians regarding a diagnosis and the absence of supporting tests and studies, rendered Reliance's requests for additional proof of actual disability eminently reasonable. The denial of benefits, therefore, must be upheld by this Court in accordance with Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Accordingly, I concur in the judgment.

7