**Debra S. GETTING, Plaintiff,**

v.

**FORTIS BENEFITS INSURANCE COMPANY, INC., Defendant.**

**No. 97–4177–SAC.**

United States District Court,
D. Kansas.

July 27, 2000.

Larry J. Leatherman, Palmer, Leatherman & White, L.L.P., Topeka, KS, for Plaintiff.

R. Christopher Abele, Deanna C. Wise, Badger & Levings, L.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This ERISA[1] case is before the court on two motions for summary judgment filed by the defendant, Fortis Benefits Ins. Co, Inc. One seeks summary judgment based on plaintiff's alleged failure to exhaust her administrative remedies, (Dk.11), and the other seeks summary judgment on the merits, asserting that the defendant's decision to deny plaintiff long term disability benefits is not arbitrary or capricious (Dk.14). The facts relative to both motions are largely uncontested, and will not be individually set forth herein, except as necessary to the court's resolution of the issues.

*Exhaustion of ERISA Administrative Remedies*

Plaintiff, Debra S. Getting, was a participant in the employee welfare benefit plan established and maintained by her employer, Douglas Cable, pursuant to ERISA. As part of that benefit plan, plaintiff was insured through a policy of long term disability insurance issued by the defendant.

On or about February 15, 1995, plaintiff properly filed a claim for long term disability benefits, and submitted her attending physician statement diagnosing plaintiff with both fibromyositis and myalgia. On or about April 11, 1995, defendant denied plaintiff's claim on the grounds that the established criteria for her alleged disabling condition was not documented in the medical records and that the information submitted did not indicate a severity level to preclude her from performing the material duties of her sedentary occupation of graphics production operator.

Enclosed with its denial letter was a copy of the ERISA appeal guidelines the defendant used when administering claims. (Dk.13, Exh. A, p. 2). On or about June 6, 1995, and in accordance with the guidelines, plaintiff requested an appeal of the decision to deny her benefits. As part of that appeal process, plaintiff submitted a substantial amount of new information regarding her medical condition. After receipt and review of the new information, defendant denied plaintiff's appeal.

When defendant notified plaintiff on or about January 4, 1996, that it was affirming the denial of its claim, it enclosed an identical copy of the ERISA appeal guidelines it had previously sent to plaintiff. (Dk.13, Exh. C, p. 2). That document, entitled "Group Claim Denial Review Procedure" says that it establishes procedures "for any claimant who desires a formal review of a claim denial." (Id.)

---

1. Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA")

Thereafter, plaintiff's attorney wrote to defendant to request plan documents, a summary plan description ("SPD"), an annual report of the plan, and an explanation of the January 4, 1996 denial. In response, defendant provided plaintiff's attorney with certain documents, and a letter explaining its "initial review and subsequent determination of plaintiff's claim," and stating: "If you wish to appeal the denial of her claim, enclosed are the procedures as required under ERISA." (Dk. 12, DEF 0016–17). The enclosed procedures were identical to those already sent to the plaintiff twice before. (See Dk. 13, Exhs. A & C).

Although defendant has an established procedure providing a third level of appeal to ERISA participants, (Dk. 12, Bachelani affidavit), there is no evidence that plaintiff was ever advised of this fact except to the extent that the appeal guidelines and letters noted above put her on notice thereof. (See Dk. 13, Getting affidavit). Plaintiff has never received a copy of the SPD, nor is it included in the record before this court.

Plaintiff did not ask defendant to reconsider its denial of her appeal, choosing instead to institute this action in court. Defendant alleges that plaintiff's failure to pursue the third level of review bars plaintiff's federal claims based on her failure to exhaust administrative ERISA remedies.

■ It is well established in the Tenth Circuit that a plaintiff must exhaust administrative remedies before bringing an ERISA benefits claim in court. *See McGraw v. Prudential Ins. Co. of America,* 137 F.3d 1253, 1263 (10th Cir.1998); *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1206 (10th Cir.1990). Regardless of what the SPD may provide, the plaintiff, as a matter of the federal common law of ERISA, is required to exhaust her ERISA-required internal remedies before being allowed to sue. As stated in *Whitehead v. Oklahoma Gas & Electric Company,* 187 F.3d 1184, 1190 (10th Cir.1999):

It makes no difference whether the SPD itself explicitly requires exhaustion, because ERISA exhaustion is a judicial, not contractual, doctrine. Although ERISA contains no explicit exhaustion requirement, we have held that "exhaustion of administrative (i.e., company or plan-provided) remedies is an implicit prerequisite to seeking judicial relief." *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1206 (10th Cir.1990).

This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees. Otherwise, premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review.

*McGraw v. Prudential Ins. Co. of America,* 137 F.3d 1253, 1263 (10th Cir.1998) (citations omitted). The doctrine "is necessary to keep from turning every ERISA action, literally, into a federal case." *Denton v. First Nat'l Bank of Waco, Texas,* 765 F.2d 1295, 1300 (5th Cir.1985).

Plaintiff was required to exhaust her administrative remedies in this case. The issue is whether plaintiff has adequately done so. Neither party has presented the court with any authority for or against the proposition that an ERISA plaintiff is required to request a third level review of a defendant's denial of her appeal. Although the Tenth Circuit has not addressed this issue, other courts have held under certain facts that no request for reconsideration is necessary in ERISA benefits cases. *See e.g., Hager v. NationsBank N.A.,* 167 F.3d 245 (5th Cir.1999); *Ceasar v. Hartford Life & Acc. Ins. Co.,* 947 F.Supp. 204 (D.S.C.1996).

In *Hager,* a former employee sued to recover benefits allegedly due under her early retirement plan. The trial court dismissed the case for plaintiff's failure to

exhaust her administrative remedies. The Court of Appeals reversed, holding that the employee had exhausted her administrative remedies by filing a claim with her employer and then appealing the company's denial of that claim to its benefits appeals committee, even though she did not take the third step of filing an appeal of the committee's denial of her claim.

There, however, the letter establishing the appeals procedure stated: "If Ms. Hager has any additional information to support her claim, she may file an appeal to the Committee for further review." 167 F.3d at 248. Because the purpose of the review was only to consider additional evidence, and Hager had none, the appeal provided in the letter would not have given the committee an opportunity to reconsider its conclusion. *Id.*

The facts here are substantially different from those in *Hager.* Here, although plaintiff was never told that a "third level" of review was possible, she was told that it was possible to appeal the affirmance of the denial of her claim, by use of the identical procedures and timelines which applied to her original appeal. Defendant informed plaintiff's counsel after her first appeal: "If you wish to appeal the denial of her claim, enclosed are the procedures as required under ERISA." (Dk. 12, DEF 0016–17). Although it would be inequitable to require plaintiff to invoke procedures that she was unaware of, the court finds that plaintiff possessed certain knowledge of the fact that yet another avenue of appeal was available to her. Unlike in *Hager,* where further appeal was permitted only if the plaintiff had additional information to submit, further appeal in the present case was unrestricted.

In *Ceasar,* the plaintiff was advised of the second denial of his claim by a letter advised him that if he wished to appeal the denial in whole or in part, he could do so by writing the defendant within 60 days. That letter was identical to the language of the first denial of his claim, prompting

plaintiff's contention that further appeal would be futile. The court agreed, stating:

Given the fact that Plaintiff filed his second request for benefits after the parties stayed these proceedings so that Plaintiff could exhaust his administrative remedies, and given Defendant's acknowledgment that an appeal of the second denial would have been fruitless, the court declines to dispose of Plaintiff's claim on that basis.

947 F.Supp. at 205.

■ Here, unlike in *Ceasar,* there is no admission by the defendant that a third level of review would have been futile, or that the decision would necessarily have been the same. In fact, the plaintiff does not contend that a third level of review would have been futile. Importantly, the third level of review provided by the defendant here could have been conducted by a person or committee which was uninvolved in the prior appeal, and uninvolved in the original denial of plaintiff's claim. (Dk. 12, Bachelani affidavit). That fact is sufficient to preclude the court from finding that any further appeal would have been futile.

ERISA requires employee benefit plans to "afford a reasonable opportunity ... for a full and fair review" of any denial of benefits. 29 U.S.C. § 1133(2). The purposes of this exhaustion requirement include minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement. *Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980). Plaintiff presented her information to the defendant, and supplemented it with additional substantive information on appeal, but failed to take advantage of the opportunities available to her which are designed to provide the defendant with a full and fair opportunity to review her claims.

Although the court declines to hold that a request for reconsideration is always

necessary in ERISA cases, requiring plaintiff to do so here would serve the purposes underlying the exhaustion requirement. Accordingly, plaintiff's claims will be dismissed for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (Dk.11) is granted.

IT IS FURTHER ORDERED that the defendant's second motion for summary judgment (Dk.14) is denied as moot.