Mary E. GUERRERO, Plaintiff,

v.

LUMBERMEN'S MUTUAL, CASUAL-
TY CO., d/b/a Kemper Insurance
Cos., Defendant.

No. 00–2515–GTV.

United States District Court,
D. Kansas.

Nov. 29, 2001.

Mark C. Beam–Ward, Jason J. Fletes, Hill, Beam–Ward & Kruse, LLC, Overland Park, KS, for Plaintiff.

Louis A. Huber, III, Scott A. Shachtman, Schlee, Huber, McMullen & Krause, LLP, Kansas City, MO, Eileen E. Baker,

Peter Petrakis, Hanson, Marek, Bolkcom & Greene, Ltd., Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff Mary E. Guerrero brings this action alleging that defendant Lumbermen's Mutual Casualty Company ("Lumbermen's")[1] impermissibly denied long-term disability benefits to her in violation of The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). The case is before the court on defendant's motion for summary judgment (Doc. 17). Defendant seeks summary judgment based on plaintiff's alleged failure to timely exhaust the administrative remedies available to her under defendant's long-term disability plan. For the reasons set forth below, defendant's motion is granted.

## I. FACTUAL BACKGROUND

The following facts are either uncontroverted or are based on the evidence submitted with the summary judgment papers and viewed in the light most favorable to the nonmoving party. Immaterial facts and facts not properly supported by the record are omitted.

On October 26, 1998, plaintiff began working for Kemper. As an employee, plaintiff was covered by Kemper's long-term disability benefits plan, which was established and maintained pursuant to ERISA. The terms of the Kemper plan prohibited a participant from instituting formal legal action against the company for denial of benefits unless the participant submitted "timely requests for review ... under the claim review procedures." Kemper's claim review process provided for two levels of review. Under the first

---

1. Lumbermen's does business under the name Kemper Insurance Companies ("Kemper").

The court will use the names Lumbermen's and Kemper interchangeably in this opinion.

level of review, the participant "ha[d] a right to make a written request for review of [the] claim within 60 days of the initial denial." If the first claim review resulted in a denial, the plan allowed the participant to "submit a written request for a second claim review ... within 60 days from the date of the first claim review decision and explain ... [the reason for] requesting a second review."

In February 1999, plaintiff applied for long-term disability benefits under the Kemper plan. Kemper approved plaintiff's application and paid disability benefits to her until August 18, 1999. On August 19, 1999, Kemper informed plaintiff that it was terminating her disability benefits because it had determined that she was no longer totally disabled. Kemper reminded plaintiff that she could request a first review of the denial by submitting a written request for review, accompanied by a statement from a qualified physician supporting her position that she was still totally disabled, within sixty days.

On October 12, 1999, plaintiff requested a first review of Kemper's initial denial of benefits. Kemper denied plaintiff's first appeal by letter dated December 17, 1999. According to Kemper, it denied the review because plaintiff's physician and an independent physician both determined that plaintiff was able to return to work. Kemper reminded plaintiff that if she desired to dispute the decision, she could submit a written request for a second claim review, accompanied by additional objective medical information to support her position that she was still totally disabled, to a specific individual at a specific address within sixty days.

On April 26, 2000, a former attorney for plaintiff sent a letter to Kemper requesting medical information and informing the company that plaintiff had retained his law firm to represent her with respect to Kem-

per's denial of disability benefits. The attorney's letter did not specifically request a second review of Kemper's denial of plaintiff's benefits. On May 5, 2000, Kemper responded to the attorney's letter, enclosing the requested medical information and advising plaintiff's attorney that plaintiff had already exceeded the time limit for requesting a second review of the denial of her benefits under Kemper's plan.

On June 29, 2000, one of plaintiff's current attorneys sent a letter to Kemper requesting that Kemper reinstate plaintiff's disability benefits. Kemper responded to the letter on July 12, 2000, informing plaintiff's counsel that it was denying plaintiff's second claim review because she had exceeded Kemper's sixty-day time limit for submitting the request. Shortly thereafter, plaintiff filed this lawsuit.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it is essential to the proper disposition of the claim. *Id.* Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be met by showing that there is a lack of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. Anderson, 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* "Any evidence tending to show triable issues will be viewed in the light most favorable to the nonmoving party." *Black Hills Aviation, Inc. v. United States*, 34 F.3d 968, 972 (10th Cir.1994) (citation omitted).

### III. DISCUSSION

Although ERISA contains no explicit exhaustion requirement, the Tenth Circuit has concluded that a plaintiff must exhaust administrative remedies prior to filing suit for recovery of benefits under the statute. See *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir.1999) (quoting *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir.1990)). The federal regulations governing ERISA permit a plan administrator to establish time limits within which a request for review of denial of benefits must be filed, see 29 C.F.R. § 2560.503–1(g)(3), and a plaintiff's failure to abide by such time limits can constitute a failure to exhaust administrative remedies, e.g., *Terry v. Bayer Corp.*, 145 F.3d 28, 40–41 (1st Cir.1998) (citation omitted). With certain limited exceptions, failure to exhaust administrative remedies will result in the dismissal of an ERISA claim challenging the denial of benefits. *Tabron v. Colgate–Palmolive Co.*, 881 F.Supp. 512, 518 (D.Kan.1995) (citations omitted).

In this case, defendant seeks summary judgment based on plaintiff's alleged failure to timely exhaust the administrative remedies available to her under defendant's long-term disability plan. Although plaintiff does not dispute that she did not complete the two-level review process required by defendant's plan, she argues that summary judgment should be denied because: (1) defendant provided her with inadequate notice that requesting a second review of the denial of her benefits was required before filing suit; and (2) requesting a second review would have been futile.[2] The court disagrees with plaintiff and, therefore, grants summary judgment to defendant.

#### A. Inadequate Notice

As noted, defendant's long-term disability benefit plan provided for two levels of review. Although plaintiff completed the first level of review following defendant's initial denial of benefits, she did not request a second claim review until over four months had passed from the deadline to submit such a request.[3] Plain-

---

**2.** In her response to defendant's motion for summary judgment, plaintiff also advances arguments relating to the merits of her claim. However, because defendant moves for summary judgment based only on the narrow issue of exhaustion of administrative remedies, the court will not address plaintiff's ad-

ditional arguments in this Memorandum and Order.

**3.** Plaintiff does not contest that the April 26, 2000, letter sent by her former attorney failed to request a second claim review. However, even if it had, the request would still have

tiff urges the court to excuse her failure to submit a timely request for a second level of review by arguing that defendant did not advise her that she was legally required to do so. The court is unpersuaded by plaintiff's argument.

Most importantly, defendant's long-term disability plan explicitly notified participants that "[n]o legal actions concerning [the benefits] may be brought unless timely requests for review of a claim denial have been made under the claim review procedures." The court finds that this warning alone is sufficient to discredit plaintiff's argument that defendant provided her with inadequate notice of the consequences of failing to submit a request for a second level review.

■ In addition, the court finds that defendant's letter of December 17, 1999, which advised plaintiff of her right to request a second claim review, also provided plaintiff with sufficient notice of the need to exhaust her administrative remedies prior to filing suit. Specifically, federal regulations governing the administration and enforcement of ERISA require that a plan administrator who denies benefits to a participant or beneficiary include in the written notice of denial "[a]ppropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review." 29 C.F.R. § 2560.503–1(f)(4). Here, defendant complied with the applicable regulation by advising plaintiff in the December 17, 1999, letter that if she wished to challenge the denial of her first claim review she could submit a written request for a second review to a specific individual at a specific address within sixty days. Plaintiff's intimation that the permissive language used by defendant in the December 17, 1999, letter, i.e., that plaintiff "may submit a written request for a second claim review,"

provided her with inadequate notice of the legal necessity of taking such action is without merit. In the Tenth Circuit, a plaintiff cannot rely on such permissive language to excuse the failure to exhaust administrative remedies. See *Whitehead,* 187 F.3d at 1190 (citation omitted) ("Because the exhaustion requirement is not rooted in the particular language of an ERISA plan, [a plaintiff] cannot rely on the permissive language in [a defendant's plan] to excuse a failure to exhaust"); *Rando v. Standard Ins. Co.,* No. 98–3166, 1999 WL 317497, at *3 (10th Cir. May 20, 1999) (finding without merit plaintiff's argument that his failure to exhaust administrative remedies should be excused because defendant did not specifically advise him of the legal consequences of such action).

For these reasons, the court concludes that defendant provided plaintiff with adequate notice of her responsibility to exhaust all administrative remedies prior to filing suit in this case.

### B. Futility

Plaintiff also argues that the court should deny summary judgment in this case because plaintiff's request for a second claim review would have been futile even if she had timely submitted it. The court is also unpersuaded by this argument.

■■ A court may excuse a plaintiff's failure to exhaust administrative remedies if the plaintiff can demonstrate that resort to administrative remedies would have been futile. *McGraw v. Prudential Ins. Co. of Am.,* 137 F.3d 1253, 1263 (10th Cir.1998) (citations omitted). "[T]he futility exception is limited to those instances where resort to administrative remedies would be 'clearly useless.'" *Id.* at 1264 (citation omitted). In other words, plain-

exceeded the sixty-day deadline by over two months.

tiff "must show her claim would be denied on appeal, and not just that she thinks it is unlikely that an appeal will result in a different decision." *Getting v. Fortis Benefits Ins. Co.*, No. 00–3278, 2001 WL 201966, at *2 (10th Cir. Feb. 28, 2001) (citation omitted).

 Here, plaintiff argues that a second claim review would have been futile because she had no new medical information to provide to defendant's plan administrator and that, therefore, the second review would have been denied just as the first review had been. In advancing this argument, however, plaintiff provides no evidence—other than her own bare allegations of futility—that requesting a second claim review would have been "clearly useless."[4] Such bare allegations of futility are simply insufficient to defeat defendant's motion for summary judgment. See *Rando*, 1999 WL 317497, at *4 (granting summary judgment to an ERISA defendant when plaintiff responded to defendant's summary judgment motion with unsupported allegations of futility). Moreover, the record indicates that the second claim review would have been conducted by different individuals than the first claim review, and that fact is also sufficient to preclude the court from finding that any further review would have been futile. See *Getting v. Fortis Benefits Ins. Co.*, 108 F.Supp.2d 1200, 1203 (D.Kan.2000) (holding that the fact that different individuals could have conducted the subsequent review of denial of benefits was itself sufficient to preclude a finding futility), aff'd, 2001 WL 201966. For these reasons, the court finds no merit in plaintiff's argument that a request for a second claim review would have been futile had she timely submitted it.

In conclusion, the court finds that plaintiff failed to timely exhaust her administrative remedies with respect to denial of benefits under defendant's long-term disability plan and, therefore, grants summary judgment to defendant on plaintiff's ERISA claim.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 17) is granted.

The case is closed.

Copies of this order shall be transmitted to counsel of record for the parties.

**IT IS SO ORDERED.**

---

**4.** The only remotely applicable "fact" plaintiff uses to support this assertion is her contention that in the process of conducting the first claim review, defendant ignored a letter from plaintiff's personal physician that allegedly stated that plaintiff "should not be released to return to work until a firm diagnosis could be reached for her condition." Although it is not entirely clear, the court assumes that plaintiff's contention is that if defendant ignored the letter in the first claim review process, it would also ignore it in the second. However, even if the court were to find this purported "fact" relevant to plaintiff's futility argument, it is unable to consider it in deciding the motion for summary judgment because plaintiff failed to support the purported "fact" with any admissible evidence, including the letter itself. See *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (holding that unsupported allegations or denials are insufficient to create a genuine issue of material fact for purposes of summary judgment).