**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-7718**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASMINE ROCHELLS ROBESON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-02-140; CA-04-335-3-2MU)

Submitted: October 21, 2005          Decided: January 13, 2006

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Vacated in part and remanded by unpublished per curiam opinion.

Jasmine Rochells Robeson, Appellant Pro Se. Kimlani S. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jasmine Rochells Robeson appealed from the district court's order denying relief on her motion asserting numerous claims under 28 U.S.C. § 2255 (2000). Deferring action on the remainder of the appeal, this court granted a certificate of appealability on a single claim of ineffective assistance of counsel in which Robeson alleged that she was denied the right to a direct appeal when counsel failed to comply with her request to file a notice of appeal. For the reasons that follow, we now vacate the district court's order to the extent that it implicitly denied relief on this claim and remand for further proceedings on this issue.

Robeson pled guilty without a plea agreement to one count of conspiracy to possess with intent to distribute fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(l), 846 (2000). The district court sentenced her to 121 months in prison. Robeson did not file a direct appeal.

Pursuant to 28 U.S.C. § 2255, Robeson filed a motion to vacate, set aside, or correct her sentence alleging: (1) her guilty plea was not knowing and voluntary because she was unaware that she would face ten years in prison; (2) her conviction was obtained by use of illegally seized evidence because authorities claimed to have a search warrant but never showed it to her; and (3) counsel was ineffective for failing to assist her in cooperating with the government in order to obtain a lower sentence. Ten days after filing her initial § 2255 motion, Robeson

filed a second § 2255 motion asserting two additional claims: (4) her conviction was improperly based on the total weight of the substance seized, rather than on the pure drug weight; and (5) she was denied the right to appeal because counsel ignored her specific request to note an appeal. The district court denied relief under § 2255 without obtaining a response from the government. The court addressed the three claims raised in Robeson's initial § 2255 motion, but did not address the two claims raised in the later motion.[1] Robeson timely appealed.[2]

We find that Robeson amended her initial § 2255 motion as of right under Rule 15(a) of the Federal Rules of Civil Procedure because she filed the second § 2255 motion only ten days after filing the first motion and before a responsive pleading was filed. The district court's failure to address the claims raised in the amended § 2255 motion amounted to a denial of those claims. Voliva v. Seafarers Pension Plan, 858 F.2d 195, 197 (4th Cir. 1988).

In the second § 2255 motion, signed under penalty of perjury, Robeson claims that she told her attorney that she wished to appeal but that counsel failed to comply with her request. The government disputes Robeson's claim, citing to counsel's affidavit denying that Robeson asked her to file a notice of appeal.

---

[1]The second § 2255 motion is included in the district court's civil pleadings file, but does not appear in the district court's criminal pleadings file.

[2]Robeson asserts Claims 1, 2, 3, and 5, in her informal appellate brief, abandoning Claim 4. See 4th Cir. R. 34(b).

In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Robeson must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000). Counsel's failure to file a notice of appeal when requested to do so is per se ineffective assistance. <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993). In light of Robeson's claim, under penalty of perjury, that counsel denied her request to file an appeal and counsel's affidavit denying that Robeson asked her to note an appeal, we find that there is a genuine issue of material fact concerning whether Robeson was denied effective assistance of counsel.

Accordingly, we vacate the portion of the district court's order implicitly denying relief on this claim and remand for resolution of this issue. The record will then be returned to this court for further proceedings on the remaining issues pending on appeal.

<u>VACATED IN PART AND REMANDED</u>