**Mary Anne BENDIXEN,
Plaintiff–Appellant,**

v.

**STANDARD INSURANCE COMPANY,
Defendant–Appellee.**

No. 97–55572.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1999.

Submission Deferred Jan. 15, 1999.

Resubmitted June 1, 1999.

Memorandum Filed July 7, 1999.

Order and Opinion Filed Aug. 2, 1999.

Gary Brown, The Law Office of Gary Brown, Century City, California, for the plaintiff-appellant.

David A. Lingenbrink, Galton & Helm, Los Angeles, California, for the defendant-appellee.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

## ORDER

The memorandum disposition filed July 7, 1999, is redesignated as an authored opinion by Judge Lay.

---

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by desig-nation.

## OPINION

LAY, Circuit Judge:

Mary Anne Bendixen appeals the district court's grant of summary judgment in favor of her prior employer's long-term disability insurer, Standard Insurance Company, in her Employee Retirement Income Security Act (29 U.S.C. § 1001) action, arguing that Standard Insurance Company improperly denied her claim for long-term disability benefits. Bendixen alleged that she became disabled by depression when she was harassed and terminated by her prior employer for refusing to lie on her employer's behalf in connection with a lawsuit.

There are two basic issues presented in this appeal: (1) whether the plan administrator's decision to deny benefits should be reviewed under a less deferential or "heightened" abuse of discretion standard because of a "serious" conflict of interest; and (2) whether the district court erred in finding that the plan administrator did not abuse its discretion in (a) denying Bendixen's claim for disability benefits on the grounds that her impairment did not become disabling until after she was terminated and (b) finding that her impairment did not prevent her from performing the duties of her occupation with another employer. The district court granted summary judgment in favor of the insurer. We affirm.

### Standard of Review

Standard Insurance Company ("Standard") claims that the decision of the plan administrator should be reviewed for an abuse of discretion. Bendixen asserts that the plan administrator has a serious conflict of interest that warrants less deferential scrutiny by the district court.

■ The Supreme Court held in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), that when an ERISA plan vests the plan administrator or fiduciary with discretionary authority to determine benefit eligibility, the district court ordinarily reviews the decision to grant or deny benefits for an abuse of discretion. This court recently clarified its interpretation of *Firestone* in *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.1999) (en banc). In *Kearney*, this court sitting *en banc* reiterated the Supreme Court's holding in *Firestone*, stating:

> "denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard *unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.*" *Firestone*, 489 U.S. at 115, 109 S.Ct. 948. That means the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision.

*Kearney*, at 1089 (emphasis added). The court in *Kearney* held that the policy language providing that Standard would pay disability benefits "upon receipt of satisfactory written proof that you have become DISABLED" was ambiguous and, therefore, should be reviewed *de novo*. *Id.* at 1088.

■ The majority of the en banc court then determined that there was a genuine dispute of material fact and on that basis reversed the grant of summary judgment rendered by the district court. In so doing, the court remanded the case for a trial *de novo* in the district court. However, it is important to keep in mind that the remand and reversal of the summary judgment in that case depended upon the application of *de novo* review by the district court. In the present case, as we will explain, the abuse of discretion standard applies. Where the decision to grant or deny benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply. On this basis, we find the court's discussions in *Kearney* regarding remand to the district court and

the summary judgment standard are not applicable to Bendixen's case which we now review.

■ In this case, the policy language clearly confers discretion on Standard to decide whether a claimant is disabled.[1] Therefore, the standard is abuse of discretion.

■ This standard can be heightened, however, by the presence of a conflict of interest. *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1322 (9th Cir.1995); *see also Firestone*, 489 U.S. at 115, 109 S.Ct. 948 (holding that conflict of interest "must be weighed as a 'facto[r] in determining whether there is an abuse of discretion'") (citation omitted). "Nevertheless, the presence of conflict does not automatically remove the deference we ordinarily accord to ERISA administrators who are authorized by the plan to interpret a plan's provisions." *Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794, 797 (9th Cir.1997). We held in *Atwood* that only a "serious" conflict would heighten scrutiny. *Atwood*, 45 F.3d at 1322–23. *See also Barnett v. Kaiser Found. Health Plan, Inc.*, 32 F.3d 413, 415–16 (9th Cir.1994)(holding that no heightened review applies in the absence of a "serious conflict"); *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th Cir.1992) (stating that "less deference applies when the administrator's decision involves a 'serious conflict' between the administrator and the employee").

■ In order to establish a serious conflict, the beneficiary has the burden to come forward with "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Atwood*, 45 F.3d at 1323. If the beneficiary cannot satisfy this burden, the district court should apply the traditional abuse of discretion review. If the beneficiary does satisfy the burden, the plan then bears the burden to show the conflict of interest did not affect the decision to deny benefits. *Id.*

An apparent conflict of interest is present in this case because the insurance policy is both issued and administered by Standard. We have previously held with respect to a similar plan that "[g]iven Standard's dual role as both the funding source and the administrator of the Plan, we are faced with an inherent conflict of interest situation, and must take this factor into account." *Lang*, 125 F.3d at 797.

Bendixen offers three reasons why the plan administrator's decision is a serious conflict and should be given heightened scrutiny: (1) Standard imposed upon an admittedly mentally ill beneficiary the duty to present her own case; (2) Standard violated its own procedures by handling information and decisions in an altered fashion and by refusing to allow additional pertinent information; and (3) Standard refused to consider the March 1997 report of Dr. James High.

---

1. The relevant language is found in the section entitled "Allocation of Authority," which provides:

 Except for those functions which the Group Policy specifically reserves to the Policyowner, we have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy.
 Our authority includes, but is not limited to:
 1. The right to resolve all matters when a review has been requested;
 2. The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;
 3. The right to determine:
 a. Your eligibility for insurance;
 b. Your entitlement to benefits;
 c. The amount of benefits payable to you;
 d. The sufficiency and the amount of information we may reasonably require to determine a., b., or c., above.
 Subject to the review procedures of the Group Policy, any decision we make in the exercise of our authority is conclusive and binding.
 Appellant's Excerpt of Record, vol I, exhibit A at 14–15.

The first contention has no merit because Ms. Bendixen was represented by counsel during the entire application and review process. Second, Bendixen presented no compelling evidence regarding the supposed violation of procedures. Third, it was not error to refuse to consider Dr. High's report because the report was given to Standard after its second review had been completed and a final determination had been made. Because the report was not before the plan administrator at the time of the denial, the district court was limited to that record and could not consider the report in its review. *Taft v. Equitable Life Assur. Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1993).[2] For all the foregoing reasons, we find that Standard's rationale for denying benefits was not born out of the apparent conflict of interest and the district court properly reviewed the plan administrator's decision for abuse of discretion.

*Abuse of Discretion*

Bendixen also contends that the district court erred in finding Standard did not abuse its discretion by denying disability benefits. We have held that it is an abuse of discretion for ERISA plan administrators to render decisions without any explanation, or to construe provisions of the plan in a way that conflicts with the plain language of the plan. *Eley v. Boeing Co.,* 945 F.2d 276, 279 (9th Cir.1991). "[A]n administrator also abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations." *Taft,* 9 F.3d at 1473 (citations omitted). We will uphold the decision of the district court " 'if it is based upon a reasonable interpretation of the plan's terms and was made in good faith.' " *Estate of Shockley v. Alyeska Pipeline Serv.*

*Co.,* 130 F.3d 403, 405 (9th Cir.1997) (quoting *MacDonald v. Pan American World Airways, Inc.,* 859 F.2d 742, 744 (9th Cir. 1988)).

Although there may be contradictory evidence in the record, we hold that, as a matter of law, the plan administrator did not abuse its discretion by concluding that Bendixen was not disabled by her mental illness until after her wrongful termination, and that she could still work in her own occupation with another employer. *See Taft,* 9 F.3d at 1473 (stating that "[i]n the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion"). The record shows that Bendixen worked continuously until her termination. There is no indication that she was unable to perform her duties up until that time. In fact, there are indications that perhaps Bendixen's depression was caused by the termination itself. Most importantly, Bendixen's own psychiatrist, Dr. Lebe, believed that, at least from the time of her termination in February 1995 through July 1995, she could perform the duties of her occupation for other employers if they treated her "honestly and fairly."

Judgment of the district court is hereby AFFIRMED.

---

2. An exception to the general rule that the district court is limited to the administrative record was recognized in *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan,* 46 F.3d 938 (9th Cir.1995). The court in *Mongeluzo* adopted " 'a scope of review that permits the district court *in its discretion* to allow evidence that was not before the plan administrator.' " *Mongeluzo,* 46 F.3d at 943–44 (quoting *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)). The court qualified this exception stating that "[t]he district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Id.* at 944. This exception does not apply here.