Carolyn SCURLOCK, Plaintiff–
Appellant,

v.

GTE LONG TERM DISABILITY
PLAN, Defendant–Appellee.

No. 01–55144.

D.C. No. CV–99–05587–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2002*.

Decided April 17, 2000.

Before FERNANDEZ and
RAWLINSON, Circuit Judges, and
REED,** District Judge.

MEMORANDUM***

Carolyn Scurlock appeals the district court's grant of summary judgment to the GTE Long Term Disability Plan (the Plan) on her claim for improper denial of additional benefits. We affirm.

(1) The Plan unambiguously confers discretion upon the Plan's Employee Benefits Committee. *See Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 553 (9th Cir.1995); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1471 (9th Cir.1993); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1284 (9th Cir.1990). That Committee properly delegated its discretion to the Claims Review Committee. *See Hensley v. N.W. Permanente P.C. Retirement Plan & Trust*, 258 F.3d 986, 998 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 815, 151 L.Ed.2d 699 (2002); *Madden*, 914 F.2d at 1284–85. Thus, our review is deferential; we review for abuse of discretion only. *See Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1009 (9th Cir.1997) (en banc); *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1321 (9th Cir.1995).

(2) Scurlock complains that the district court failed to take judicial notice of certain materials. The district court declined on the basis that on the record before it, the "fact" in question was subject to reasonable dispute. *See* Fed.R.Evid. 201(b). The record lends support to the district court's concern. More importantly, however, the fact in question was not placed before the Plan when it made its decision, and on abuse of discretion review we limit ourselves to the administrative record. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 944 (9th Cir.1999); *Taft*, 9 F.3d at 1471–72; *cf. Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc) (record for review of immigration decision).

(3) We have performed an abuse of discretion review, and, while it is true that there was some evidence to sustain a finding of disability due to physical causes, there was a great deal of evidence to sustain the determination that Scurlock's malady was a mental health disorder. We cannot say that the Plan's decision was so unexplained or inexplicable that it constituted an abuse of discretion. *See Barnett v. Kaiser Foundation Health Plan, Inc.*,

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

32 F.3d 413, 416 (9th Cir.1994); *Taft,* 9 F.3d at 1473–74. *Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir.2001), does not change our conclusion because in this case the administrator had specific and legitimate reasons based on the record to decide as it did. *See id.* at 1140.

AFFIRMED.