Eugene EHRENSAFT, Plaintiff—
Appellant,

v.

DIMENSION WORKS INCORPORAT-
ED LONG TERM DISABILITY
PLAN, Defendant—Appellee.

No. 01–15062.
D.C. No. CV–98–01712–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided April 29, 2002.

Before THOMPSON, W. FLETCHER
and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Eugene Ehrensaft ap-
peals the district court's grant of summary
judgment under ERISA in favor of his
employer's disability insurer, which denied
Ehrensaft long-term benefits. We remand
to the district court for application of the

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

treating physician rule in light of *Regula v. Delta Family–Care Disability Survivorship Plan*, 266 F.3d 1130 (9th Cir.2001), but otherwise affirm the district court's application of an abuse of discretion standard to review the plan administrator's denial of benefits.

Ehrensaft became the controller for Dimension Works Inc. (DWI) in November 1990. Plaintiff alleges that his job duties required him to stoop regularly, bend over, squat, lift heavy objects (boxes of documents, reams of paper, computer printouts, computer equipment), reach and twist. Plaintiff quit his employment on December 31, 1994, and, on or about January 9, 1995, submitted a claim for long-term disability benefit, asserting that he was permanently disabled due to a chronic back condition.

Standard Insurance Co. (Standard), DWI's long-term disability insurer and administrator of the insurance policy (the ERISA plan), approved and paid Ehrensaft benefits until February 10, 1998, when it determined that he no longer met the definition of "disabled" contained in the policy. The relevant section of the policy states:

> Own Occupation Definition of Disability
>
> During Benefit Waiting Period and the Own Occupation Period, you are required to be Disabled only from your *own occupation.*
>
> You are Disabled from your own occupation, if, as a result of Sickness, Injury or Pregnancy, you are unable to perform with reasonable continuity the material duties of your *own occupation.*

(Emphasis added.) Relying on the Department of Labor's Dictionary of Occupation Titles, Standard found the nature of Ehrensaft's "own occupation" to be sedentary, and concluded that he was capable of performing the sedentary work it entailed.

■ The district court properly chose to review Standard's benefit determination for an abuse of discretion. When an ERISA plan explicitly vests its administrator with discretion to determine eligibility for benefits and to construe the terms of the plan, the district court reviews the administrator's determinations for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Both parties agree that the policy language in this case, identical to that in *Bendixen v. Standard Ins. Co.*, 185 F.3d 939 (9th Cir. 1999), grants the necessary discretion to the plan administrator.

There is also an inherent conflict of interest, however, because Standard is both the plan administrator and insurer in this case. Such a conflict can eliminate the usual deference accorded to the plan administrator, but first "the affected beneficiary must come forward with 'material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary.'" *Lang v. Long–Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 798 (9th Cir.1997) (quoting *Atwood v. Newmont Gold. Co.*, 45 F.3d 1317, 1322 (9th Cir.1995)). We conclude Ehrensaft has failed to produce such evidence. We reject Ehrensaft's contentions that Standard's (1) initial payment of his claim; (2) less favorable interpretation of "own occupation"; (3) overriding of the treating physician's opinion; (4) reliance on orthopedic instead of rehabilitation specialists; and (5) failure to conduct psychological testing constitute a breach of fiduciary duty, because Standard proffered a reasonable basis for each of those actions. We therefore affirm the district court's application of abuse of discretion rather than *de novo* review.

On the merits, we agree with the district court that Standard did not abuse its discretion in interpreting "own occupation" to mean the insured's occupation as defined generally by the Department of Labor rather than the insured's specific job. Because the case law is split, because the circuit-level law in this circuit appears to favor Standard, and because neither meaning contradicts a plain reading of the policy, Standard's choice of the former interpretation does not constitute an abuse of description. *Compare Bendixen,* 185 F.3d at 944 (finding reasonable insurer's interpretation of "own occupation" to include jobs with other employers); *Ceasar v. Hartford Life and Acc. Ins. Co.,* 947 F.Supp. 204, 207–08 (D.S.C. 1996) (finding reasonable insurer's interpretation that plaintiff's "own occupation" was broader than his particular job (which required rotating shifts), and approving insurer's reliance on survey of national economy to determine occupation's material duties), *with Mizzell v. Paul Revere Life Ins. Co.,* 118 F.Supp.2d 1016 (C.D.Cal.2000) (rejecting use of Department of Labor's definition for determining scope of plaintiff's occupation of Vice President/General Manager). Further, the rule of *contra proferentem*—under which ambiguous policy language is construed in favor of the insured—does not apply on review for abuse of discretion. *See Lang,* 125 F.3d at 799; *Winters v. Costco Wholesale Corp.,* 49 F.3d 550, 554 (9th Cir.1995).

In light of the recently announced rule in *Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001), requiring application of the treating physician rule to ERISA disability benefit determinations, we remand to the district court on the question of whether the medical evidence justifies Standard's denial of benefits, even under Standard's determination of Ehrensaft's "own occupation." Under *Regula,* "[w]hen a nontreating physician's opinion contradicts that of the treating physician ... the opinion of the treating physician may be rejected only if the [plan administrator] gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Id.* at 1140 (quoting *Morgan v. Comm'r,* 169 F.3d 595, 600 (9th Cir.1999)) (internal quotation marks omitted). We remand to the district court to apply the treating physician rule articulated in *Regula,* and to determine whether remand to the plan administrator for further findings is appropriate.

REMANDED.