James R. OBRADOVICH,
Plaintiff—Appellant,

v.

BURT BELL/PETE ROZELLE NFL
PLAYER RETIREMENT PLAN,
Defendant—Appellee.

No. 01–57108.
D.C. No. CV–01–02414–DDP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 8, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judges, and WEINER.*

MEMORANDUM **

James R. Obradovich is a former professional football player who played on several National Football League ("NFL") teams from 1975 to 1983. He suffers from neck and back pain resulting from degenerative disc conditions. In 1998, he applied for total and permanent disability benefits from the Burt Bell/Pete Rozelle NFL Player Retirement Plan (the "Plan"). He initially was denied benefits. Following his appeal of this denial, Obradovich was granted benefits, but, based on the Plan's designated date of onset of total disability, he was not granted retroactive benefits and was awarded less than half the monthly benefits he sought. He then filed an ERISA action seeking a determination of an earlier onset date of total disability. After reviewing the designation of the onset date for abuse of discretion, the district court granted summary judgment in favor of the Plan. Obradovich appeals. Because the Plan's designation of July 1, 2000 as the onset date was not an abuse of discretion, we affirm.

We review the district court's choice and application of the standard of review applicable to claim decisions in the ERISA context de novo. See Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1471 (9th Cir.1993). The district court reviewed the Plan's designation of the onset date for abuse of discretion. Where, as here, an ERISA plan explicitly vests its administrator with discretion to determine eligibility for benefits and to construe the terms of the plan, the administrator's determinations are reviewable for abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

Article 8.2 of the Plan gives the Retirement Board (the "Board") "full and absolute discretion, authority and power to interpret, control, implement, and manage the Plan." This discretion expressly includes the power to decide claims for benefits, "except that the Retirement Board will follow decisions submitted to, and decided by, the Medical Advisory Physician ... pursuant to Section 8.3." Section 8.3 of the Plan provides that the Medical Advisory Physician (the "MAP") makes "a final and binding determination" regarding certain medical issues.

It does not appear that the Board submitted to the MAP the question of *when* Obradovich became totally and permanently disabled. Rather, the Board appears to have submitted to the MAP the question of *whether* Obradovich was totally and permanently disabled. Therefore, the Board retained the discretion granted it by Section 8.2 on the question of when Obradovich became disabled. In consequence, the district court properly reviewed the Board's decision regarding the onset date of Obradovich's disability for abuse of discretion.

Using this standard, the district court found that the Board had not abused its discretion in setting the onset date at July 1, 2000 and granted summary judgment in favor of the Plan to that effect. We review the district court's grant of summary

---

* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

judgment *de novo, see Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan,* 46 F.3d 938, 942 (9th Cir.1995), and we agree with the district court.

The Board's decision setting the onset date at July 1, 2000 was not an abuse of discretion if it was reasonable and supported by substantial evidence in the administrative record as a whole. *See McKenzie v. General Tel. Co. of Cal.,* 41 F.3d 1310, 1316–17 (9th Cir.1994). The Board had before it relevant and probative evidence adequate to support the designation of July 1, 2000 as the onset date. This is so despite the presence of conflicting evidence in the record. *See, e.g., Bendixen v. Standard Ins. Co.,* 185 F.3d 939, 944 (9th Cir.1999). Although there is no requirement that the onset date be the same as the date of the MAP's diagnosis of Obradovich's disability as total and permanent, the Board did not abuse its discretion in equating the two because the Board could reasonably have seen the MAP's diagnosis as the first credible, binding determination that Obradovich was in fact totally and permanently disabled.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.