**David VAN ALSTINE, Plaintiff-counter-defendant—Appellant,**

v.

**CIGNA; Cigna Group Insurance; Cigna Life Insurance Company, a Connecticut corporation; Connecticut General Life Insurance Company, a Connecticut corporation; Lockheed Corporation Medical Benefit Plan, aka Lockheed Corporation Long Term Disability Plan; and Does 1–50, Defendants—Appellees,**

and

**Life Insurance Company of North America, a Pennsylvania corporation, Defendant-counter-claimant—Appellee.**

No. 02–16184.

D.C. No. CV–00–21148–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Aug. 21, 2003.

Before REINHARDT and GRABER, Circuit Judges, and RHOADES,* Senior District Judge.

### MEMORANDUM**

Plaintiff David Van Alstine claims that Defendants wrongly terminated his long-term disability benefits. The district court affirmed the decision to terminate benefits, and we affirm in turn.

### A. *Standard of Review*

We look to the text of the ERISA documents to decide the standard of review for denial of benefits. *Walker v. Am. Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1068 (9th Cir.1999). The relevant plan documents are those in effect at the time of the denial of benefits. *Grosz–Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1160–61 (9th Cir.2001).

The ERISA plan documents here are the Master Plan Document and the Summary Plan Description. The insurance policy that implements the plan's requirement to arrange for the provision of certain benefits is not, itself, the plan.

Article 3.1.2 of the relevant Master Plan Document clearly and expressly provides that the Plan's Administrator has both the power "and discretionary authority" to administer the plan, including the power to determine eligibility for benefits, to construe the terms of the Plan, and to "delegate its responsibilities" and designate others to carry out its responsibilities. Neither the Summary Plan Description nor, even if it were relevant, the policy, contradicts or detracts from that unambiguous discretionary element. Hence, ordinarily, the benefits decision would be reviewed for abuse of discretion. *Alford v. DCH Found. Group Long–Term Disability Plan,* 311 F.3d 955, 957 (9th Cir.2002).

■ There is in this case an apparent conflict of interest because the Plan Administrator has delegated its discretionary eligibility determinations to the insurer itself. In some circumstances such a conflict can alter the standard of review. *See Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.,* 125 F.3d 794, 797–98 (9th Cir.1997) (describing method of analysis). We have examined the record and do not find, however, material and probative evidence that the fiduciary's self-interest caused a breach of its fiduciary obligation to Plaintiff; the mere fact of the apparent conflict and the mere fact of an adverse decision do not heighten the standard of review. *Id.*

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## B. *Termination of Benefits*

■ The decision to terminate benefits was explained consistently and clearly to Plaintiff, and the evidence on which Defendants relied was adequate to support their decision. The evidence pointing to Plaintiff's ability to perform some occupation for which he was qualified included:

· Plaintiff's treating doctor reported in 1996 that objective testing disclosed no abnormalities of the back other than those that are commonly seen in people of Plaintiff's age.

· In 1997 Plaintiff's treating doctor stated that, in an 8–hour work day, Plaintiff could sit for 5 hours, stand for 3 hours, and walk for 1 hour with rest; could lift 10 pounds frequently (and greater weights occasionally); could carry 10 pounds occasionally; could bend and reach above shoulder level occasionally; and could grasp, push, pull, perform fine manipulations with his hands, and use hand controls.

· An occupational consultant analyzed the labor market based on the physical limitations stated by Plaintiff's treating doctor and based on Plaintiff's education and current job skills. The consultant found several potential occupations that Plaintiff could perform.

Affirming the termination of benefits after appeal, Defendants also relied on video surveillance that showed Plaintiff engaging in significant physical activities in apparently unrestricted fashion.

The existence of some other evidence in Plaintiff's favor does not mean that Defendants necessarily abused their discretion. Evidence need not be uncontradicted for an administrator to make a proper adverse determination. *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 944 (9th Cir.1999). Nor need it even be such as would persuade us to make an adverse decision were we in the administrator's position. Regardless of our views of the merits of the Plaintiff's claim, we are required to uphold the insurer's decision unless it abused its discretion. Defendants did not abuse their discretion in making their adverse determination in this case.

AFFIRMED.

