**Keith BODE, Plaintiff,**

v.

**ST. JOSEPH'S HEALTH SYSTEMS— HOME HEALTH AGENCY LONG TERM DISABILITY PLAN, Defendant.**

**No. SA CV 02–526–GLT.**

United States District Court, C.D. California, Southern Division.

Dec. 10, 2003.

Joseph M. Ribakoff, Joseph M. Ribakoff Law Offices, Long Beach, for Plaintiff.

Andrew M. Altschul, Stoel Rives, Portland, OR, John P. Makin & Robert L. Sallander, Jr., Greenan, Peffer, Sallander & Lally, San Ramon, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TAYLOR, District Judge.

Plaintiff's motion for summary judgment on the standard of review is GRANTED.

### I. BACKGROUND

Plaintiff is a participant in a long-term employee disability benefit plan administered by Defendant. Standard Insurance Company is the plan's insurer and its administrator.[1] Plaintiff moves for summary judgment that de novo review is the proper standard of review to be applied in this ERISA case.

### II. DISCUSSION

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

A challenge to an ERISA plan's denial of benefits is reviewed de *novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *accord Jebian v. Hewlett Packard Co.,* 349 F.3d 1098, 1102 (9th Cir.2003) (2–1 decision). If a plan grants discretion to the administrator, a reviewing court will apply an "abuse of discretion" or "arbitrary and capricious" standard. *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 n.

2 (9th Cir.1993). Plaintiff contends *de novo* review is appropriate because: (1) Standard's decision on review was not made within the time required by 29 C.F.R. § 2560.503–1(h)(1)(I) (1998);[2] and (2) the plan does not grant discretionary authority to Standard.

### A. Timing of the Decision

The Court does not decide the legal effect of Standard's late decision because the matter is resolved on the issue of discretionary authority.

### B. Discretionary Authority

Plaintiff contends *de novo* review is appropriate because the plan does not grant discretionary authority to Standard.[3] Defendant contends a 1997 amendment to the plan, which states Standard has "full and exclusive authority to control and manage the group policy, to administer claims, and to interpret the group policy ...," unambiguously grants discretionary authority to Standard.

Under Ninth Circuit law, "a plan will not sufficiently confer discretion sufficient to invoke review for abuse of discretion just because it includes a discretionary element." *Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1204 (9th Cir.2000). "Rather, the power to apply that element must also be 'unambiguously retained' by the administrator." *Id.* An allocation of decision-making authority is not a grant of discretionary authority. *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employ-*

---

1. Standard is not named as a party.

2. This section mandates a claimant's appeal of a decision denying benefits shall be "deemed denied" if not made within 60 days of the claimant's appeal. Although recently amended, Plaintiff correctly contends the old-

er version of this statute is controlling because he filed a benefits claim before January 2002. 29 C.F.R. § 2560.503–1(*o*) (2002).

3. Citing *Kearney v. Standard Ins. Co.,* 175 F.3d 1084 (9th Cir.1999).

ees of *Transferred GE Operations*, 244 F.3d 1109, 1112–13 (9th Cir.2001).

The plan language here is a grant of decision-making authority, not discretionary authority. The language *authorizes* Standard to decide claims. It does not contain an express and unambiguous delegation of *discretion* to Standard to use in reaching those decisions. *See Ingram* at *id.; accord Cathey v. Dow Chemical Co. Medical Care Program*, 907 F.2d 554 (5th Cir.1990) (finding no unambiguous grant of discretionary authority where plan delegated "the authority to correct any defect, supply any omission or reconcile any inconsistency in, and to control and manage the operation and administration of the plans."). Simply because an administrator has the authority to make a decision does not mean it retains absolute discretion in making that decision.

At oral argument, Defendant contended the holding in *Bendixen v. Standard Ins. Co.*, 185 F.3d 939 (9th Cir.1999), compels a finding otherwise. On its face, this argument is compelling because the plan language in *Bendixen* is identical to the plan language here, and the Ninth Circuit held that plan language conferred discretion to the plan administrator. 185 F.3d at 943. However, as recognized in *Ingram*, the court in *Bendixen* did not analyze the plan language or detail which aspects of the language conferred discretion. 244 F.3d at 1113. The *Bendixen* court instead concluded, without discussion or analysis, that the language conferred discretion.

Under the Ninth Circuit's more recent test, as set forth in *Ingram*, the delegation of discretionary authority must be express and unambiguous. 244 F.3d at 1112–13. "It is not difficult to write, 'The plan administrator has discretionary authority to grant or deny benefits under this plan.'" *Id.* at 1113. The plan language here and in *Bendixen* does not meet the test announced in *Ingram*. The Court is compelled to follow the more recent authority of *Ingram*, and the test announced there.

## III. DISPOSITION

Plaintiff's motion for partial summary judgment is GRANTED. The Court will use the *de novo* standard of review.