Larry AMATO, Plaintiff–Appellant,

v.

**WESTERN METAL INDUSTRY PENSION FUND, Defendant–Appellee.**

**No. 05–35096.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2005.[2]

Decided Dec. 13, 2005.

---

2. This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Craig R. Berne, Esq., Thomas H. Cutler, Esq., Harris Berne Christensen LLP, Lake Oswego, OR, for Plaintiff–Appellant.

A. Bruce McKenzie, Esq., Donaldson Kiel McKenzie & Barlow, Michael Howard Korpi, Esq., Smith McKenzie Rothwell & Barlow, PS, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and BURNS,[3] District Judge.

### MEMORANDUM[1]

Larry Amato appeals the district court's decision granting summary judgment in favor of the administrators of the Western Metal Industry Pension Plan (the "Plan"), an employee pension plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), denying Amato disability retirement benefits. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1131(e), and we affirm.

Where an ERISA plan gives the administrator or fiduciary the discretionary authority to determine a participant's eligibility for benefits and to construe the terms of the Plan, the courts review a denial of benefits for abuse of discretion. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see Bendixen v. Standard Ins. Co.,* 185 F.3d 939, 942 (9th Cir.1999). Our review thus considers whether the district court correctly applied the abuse of discretion standard to evaluate the Plan Trustees' interpretation of Plan and, if so, whether the Trustees' interpretation of the Plan language is reasonable.

The district court correctly applied *Firestone* in granting summary judgment for the Plan Trustees. "Disability" is not defined in the plan. The Trustees interpreted the Plan language to require "that a participant who has been terminated from participation in the Plan must have been totally and permanently disabled before the termination occurred in order to qualify for disability retirement benefits," a criterion Amato does not meet. The Plan also vests with the Trustees the authority to resolve "ambiguities, inconsistencies and omissions" and "the exclusive right to interpret [the] Plan ... and to decide any and all questions arising thereunder or in connection with their administration."

The district court did not err in crediting the Trustees' reasonable interpretation of the Plan language and in granting summary judgment.

**AFFIRMED.**

---

**3.** The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.