**Dama L. WIRRIES, Plaintiff–Appellee,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellant.**

No. 05–35941.

United States Court of Appeals, Ninth Circuit.

Submission Vacated July 10, 2007.

Originally Submitted July 11, 2007.*

Resubmitted July 19, 2007.

Filed Aug. 10, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John A. Bush, Esq., Comstock & Bush, Boise, ID, for Plaintiff–Appellee.

David W. Knotts, Esq., Quane Smith LLP, Boise, ID, Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, for Defendant–Appellant.

Before: ALARCÓN, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Reliance Standard Life Insurance Company ("Reliance") appeals from the district court's judgment reversing the plan administrator's decision to terminate Dama L. Wirries's long term disability benefits under a group insurance policy (the "Policy"). We affirm.

### I

Reliance contends that "[t]he change in the district court's opinion regarding the reasonableness of the denial of benefits is inconsistent with the law of the case doctrine." We review a district court's failure to apply the law of the case doctrine for abuse of discretion. *Cont'l Ins. Co. v. Fed. Express Corp.*, 454 F.3d 951, 954 (9th Cir. 2006).

In our prior opinion, we held that "[t]he district court erred in reviewing Reliance's denial of benefits *de novo.*" *Wirries v. Reliance Standard Life Ins. Co.*, 113 Fed. Appx. 759, 760 (9th Cir.2004). Upon remand, the district court acknowledged that it had abused its discretion in relying on clearly erroneous findings of fact in its prior decision. The district court's judgment is supported by the evidence in the

record. It did not abuse its discretion in declining to apply the law of the case doctrine.

### II

Reliance also maintains that the district court's interpretation of the term "regular occupation" contained in the Policy is contrary to our decision in *Bendixen v. Standard Ins. Co.*, 185 F.3d 939 (9th Cir.1999). We disagree. In *Bendixen,* we upheld the district court's conclusion that the plan administrator did not abuse its discretion in finding that Ms. Bendixen was not disabled by her mental illness until after her termination. *Id.* at 944. The *Bendixen* case did not involve a dispute regarding the meaning of the terms used in the insurance policy.

### III

■ Reliance further asserts that the Department of Labor's Dictionary of Occupational Titles ("DOT") should be used to interpret Ms. Wirries's "regular occupation." We agree with the district court's conclusion that the term "regular occupation" unambiguously refers to the usual work that the insured performed immediately before the onset of disability. Ms. Wirries's employer, Scientech, Inc., maintained a job description of her position as Vice President of Federal Programs. The job description shows that Ms. Wirries's duties, prior to the onset of her disability, included heading up her company's western region; managing business units, assisting in acquisitions, and financial planning; supervising over 300 employees; managing a $25 million budget; and traveling anywhere from 25–30 percent of the time. The job description also stated that a person must be able to work under

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36-3.

"[h]igh levels of stress resulting from the operational oversight and management of multiple highly technical operational segments of [the] company, continual deadlines, and [operate] highly sensitive and controversial interfaces with internal and external customers."

These duties go beyond the job requirements provided by the DOT description of the duties of a vice president, which does not include an ability to work under high levels of stress. Accordingly, the district court did not err in concluding that Reliance abused its discretion in relying on the DOT job description to interpret the term "regular occupation."

## IV

 Reliance maintains that the district court erred when it "disregarded the conclusions reached in [a medical] study" that job stress had little effect on coronary artery disease. Reliance's decision to deny benefits is reviewed for abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir.2006) (en banc). We review *de novo* the district court's application of the abuse of discretion standard in its review of Reliance's decision. *Id.* at 962. In rejecting the opinions of Ms. Wirries's treating physicians that she must avoid job stress, Reliance cited a 1995 medical journal article discussing a medical study which concluded that there is no connection between job stress and coronary artery disease. Reliance referred to this article for the first time in its decision denying Ms. Wirries's administrative appeal. Thus, Ms. Wirries did not have the opportunity to rebut the validity of the article's conclusion.

Additionally, stable patients undergoing coronary angiography were included in the study. However, patients with primary valvular, congenital, pericardial, or myocardial disease were excluded, as were patients who had a prior coronary angioplasty. The record shows that Ms. Wirries suffered from myocardial damage, loss of heart muscle, myocardium, and a large anteroseptal myocardial infarction, and had a prior coronary angioplasty. The District Court did not err in holding that Reliance abused its discretion by relying on the medical study to deny benefits to Ms. Wirries.

**AFFIRMED.**[1]

---

1. The mandate will not be issued in this matter until a proper party has been substituted as appellee.

