**Jenny FORD, a married woman,
Plaintiff—Appellant,**

**v.**

**MOTOROLA, INC., a Delaware corporation; Motorola Inc. Involuntary Severance Plan, administered by Ron T. Miller Plan Administrator, Defendants—Appellees.**

No. 07–15292.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 27, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

James M. Jellison, Jellison Law Offices, PLC, Phoenix, AZ, for Plaintiff–Appellant.

Reagan Brown, Esquire, Fulbright & Jaworski LLP, Houston, TX, Richard R. Mainland, Esquire, Fulbright & Jaworski, LLP, Los Angeles, CA, for Defendants–Appellees.

R.App. P. 34(a)(2).

Before: BYBEE and BEA, Circuit Judges, and PRO,** District Judge.

MEMORANDUM ***

The facts and procedural history of this case are familiar to the parties and we do not repeat them here. Jenny Ford argues the district court erred by: (1) denying her the ability to conduct discovery of possible Plan conflicts of interest and (2) affirming the Plan Administrator's denial of severance benefits under Motorola's Involuntary Severance Plan ("the Plan").

■ Because the Plan at issue is discretionary, the district court reviews the Plan Administrator's denial of benefits for abuse of discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir.2006) (en banc). This means that the district court is limited to the administrative record in its review, unless in its discretion it decides to consider extrinsic evidence concerning conflicts of interest. *Id.* at 970. Though the district court may review extrinsic evidence of a conflict of interest, its determination of the merits still must be based on the administrative record. *See id.* Ford presented no support for her position that additional discovery would reveal evidence of Plan conflicts. The district court therefore did not abuse its discretion in denying Ford's motion to compel. Nor is there evidence the administrator kept plan details secret, as might warrant de novo review.

■ Additionally, the district court reviewed each aspect of the Plan Administrator's decision and found that the ad-ministrator did not abuse his discretion because he did not render a decision without any explanation, construe provisions in a way that conflicts with the Plan's plain language, or rely on clearly erroneous findings of fact. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 944 (9th Cir. 1999). The district court held that the Plan Administrator, after an investigation, explained that Ford was ineligible for benefits because she resigned and the administrator's determination that Ford resigned was not clearly erroneous as it was supported by evidence. The district court employed the correct standard of review and applied it without error.

Moreover, the administrative record does not support a finding that the in-house counsel's investigation of Ford's separation was an improper delegation of the Plan Administrator's power. To the contrary, the Plan specifically allows for a liberal delegation of duties at the Plan Administrator's discretion. Finally, the district court did not clearly err by finding Ford resigned from her position at Motorola because Ford failed to offer evidence sufficient to controvert Motorola's evidence of her resignation.

The judgment is **AFFIRMED.**

---

** The Honorable Judge Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.