**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL FORD, | No. 08-56522 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-03665-GW-E |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation; LONG TERM DISABILITY PLAN OF BROWN AND SHARPE MANUFACTURING COMPANY, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

In this ERISA action, Michael Ford appeals the district court's judgment in

favor of the appellees, holding that defendant Hartford Life and Accident Insurance

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Company ("Hartford"), the plan administrator, did not abuse its discretion in terminating benefits under the Long Term Disability Plan of Brown & Sharpe Manufacturing Company. While the case was pending in the district court, the Supreme Court decided *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008). The district court called for supplemental briefs on the Supreme Court decision, but then concluded that *Glenn* did not require an analysis that materially differed from that which was appropriate under prior Ninth Circuit law with respect to application of the abuse of discretion standard.

The district court, however, did not have the benefit of our intervening opinion in *Montour v. Hartford Life & Accident Insurance Co.*, 588 F.3d 623, 631-32 (9th Cir. 2009), however, which held that *MetLife* — consistent with our en banc decision in *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955, 966-69 (9th Cir. 2006) (en banc) — overruled in relevant part a significant prior line of Ninth Circuit cases applying the abuse of discretion standard of review, including *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869 (9th Cir. 2004) and *Bendixen v. Standard Insurance Co.*, 185 F.3d 939 (9th Cir. 1999). While the parties were asked to discuss *Montour* in oral argument, they were not able to brief it to this court.

Because the district court relied on overruled articulations of the abuse of discretion standard, and because neither this court nor the district court has had the benefit of full briefing and study of the current state of this circuit's law under now-controlling Supreme Court and circuit authority, we reverse the judgment and remand the case to the district court to apply that authority in the first instance.

**REVERSED** and **REMANDED**.