Dama L. WIRRIES, Plaintiff—
Appellee,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, Defendant—Appellant.

No. 03–35559.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Oct. 26, 2004.

John A. Bush, Comstock & Bush, Boise, ID, for Plaintiff–Appellee.

Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, for Defendant–Appellant.

Before: KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM *

Reliance Standard Life Insurance Company appeals the district court's ruling reversing Reliance's decision to terminate benefits to Dama Wirries. We affirm in part, reverse in part, and remand to the district court for further proceedings.

■ The district court erred in reviewing Reliance's denial of benefits *de novo* because the plan unambiguously provided the plan administrator with discretionary authority to interpret the plan and determine eligibility. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir.1999)(en banc). Therefore, Reliance's determinations should be reviewed for abuse of discretion.

■ The district court also erred to the extent that it relied on the treating physician rule. *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) (holding that "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician").

■ The district court did not err, however, when it determined that Wirries was not required to file a separate claim regarding the life insurance policy because the record makes it clear that Reliance's determination regarding the disability plan would also control its determination regarding the life insurance policy. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483–86 (9th Cir.1995).

Accordingly, we remand the case to the district court to apply the proper standard of this circuit except as provided by Ninth Circuit Rule 36–3.

of review and to reconsider the case consistent with *Black & Decker*.

Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts