**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES BROWN, an individual,
        *Plaintiff-Appellee,*

v.

SOUTHERN CALIFORNIA IBEW-
NECA TRUST FUNDS, an
unincorporated association,
        *Defendant-Appellant.*

No. 08-55398

D.C. No.
2:06-cv-06740-
MMM-JC

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
April 14, 2009—Pasadena, California

Filed December 7, 2009

Before: Alex Kozinski, Chief Judge, Harry Pregerson,
Circuit Judge, and Richard Mills,* District Judge.

Opinion by Judge Pregerson

---

*The Honorable Richard Mills, United States District Judge for the
Central District of Illinois, sitting by designation.

## COUNSEL

Donald C. Carroll, Charles P. Scully, II, Law Offices of Carroll & Scully, Inc., San Francisco, California, for the defendant-appellant.

John R. St. John, St. John, Wallace, Brennan & Folan LLP, for the plaintiff-appellee.

## OPINION

PREGERSON, Circuit Judge:

We must decide whether the Board of Trustees of the Southern California International Brotherhood of Electrical Workers-National Electrical Contractors Association (IBEW-NECA) Pension Plan violated ERISA when it suspended James Brown's early retirement benefits. The Board of Trustees determined that Brown's job installing heating, ventilation, and air conditioning (HVAC) equipment for an electrical contractor constituted "employment as an electrical contractor," a prohibited activity for persons drawing early retirement benefits. The district court found that the Board of Trustees erred when it suspended Brown's early retirement benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

## I    Background.

The Southern California IBEW-NECA Pension Plan provides for payment of early retirement benefits to certain qualifying pension plan participants. Under section 9.8(c)(1) of the Plan, qualifying retirees must refrain from any of the following:

> (i)    holding a C-10 [independent electrical contractor] license,[1]
>
> (ii)   registering (or remaining registered) for employment at any union hiring hall in the electrical construction contracting industry,

---

[1]A C-10 license is a California state electrical contractor license. "An electrical contractor places, installs, erects or connects any electrical wires, fixtures, appliances, apparatus, raceways, conduits, solar photovoltaic cells or any part thereof, which generate, transmit, transform or utilize electrical energy in any form or for any purpose." Cal. Code Regs. tit. 16, § 832.10. Brown did not hold a C-10 license.

(iii)  actively seeking employment in the electrical construction contracting industry by means other than the union hiring hall,

(iv)  employment as an electrical contractor, including, but not limited to, bidding jobs, performing electrical construction work, hiring employees, leasing buildings or equipment in the name of the electrical company or soliciting work,

(v)  engaging in Nonunion Employment . . . .

Brown was awarded early retirement benefits and subsequently notified the Plan that Siemens Building Technologies (Siemens) had hired him as a Systems Specialist, a job involving the installation of HVAC equipment.

In July 2005, the Board of Trustees determined that Brown's job with Siemens constituted suspendible employment under the terms of the Plan and that Brown was not entitled to any benefits between December 2001, when Siemens hired him, and July 2005. The Board of Trustees advised Brown of its intention to recoup approximately $103,043 in benefit overpayments and to suspend his future early retirement benefits. Brown appealed the decision of the Board of Trustees to the Board of Trustees Appeals Sub-Committee. The Appeals Sub-Committee found that "Brown's employment with Siemens constitute[d] a prohibited activity of, '. . . performing electrical construction work . . .' under Section 9.8(c)(1)(iv)" and recommended upholding the suspension. The Board of Trustees adopted the findings and recommendations of the Appeals Sub-Committee. Brown timely filed an action in district court pursuant to 29 U.S.C. § 1132, challenging the decision of the Board of Trustees.

The district court concluded that the Board of Trustees erred when it determined that Brown's job as a systems spe-

cialist with Siemens constituted "employment as an electrical contractor." The district court observed:

> [Section 9.8(c)(1)(iv)] prohibits early retirees from engaging in *"employment as an electrical contractor*, including, but not limited to, bidding jobs, performing electrical construction work, hiring employees, leasing buildings or equipment in the name of the electrical company[,] or soliciting work" (emphasis added). *The provision quite plainly proscribes self-employment in the electrical construction industry as an independent contractor.* The Board [of Trustees], however, focused exclusively on the prohibition against "performing electrical construction work" in concluding that Brown's employment activity was prohibited by § 9.8(c)(1)(iv). This was unreasonable. An individual does not become an "electrical contractor" merely because he "perform[s] electrical construction work." See generally Cal. Lab. Code § 2750.5.

(First and third alterations and second emphasis added) (internal citation and footnote omitted). The district court noted that section 2750.5 of the California Labor Code provides factors probative of independent contractor status.[2] The district court

---

[2]California Labor Code section 2750.5 provides in pertinent part that independent contractor status may be determined by examining these factors:

    (a)    That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

    (b)    That the individual is customarily engaged in an independently established business.

    (c)    That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by

ordered the Board of Trustees to pay Brown $62,167.20, representing the withheld early retirement benefits, along with attorney's fees, expenses and costs. The district court further directed the Board of Trustees to reinstate Brown's monthly early retirement benefits. The Board of Trustees timely appeals.

## II    The Standard the District Court Used to Review the Decision of the Board of Trustees.

[1] The Board of Trustees first argues that the district court erred by failing to review its decision to suspend Brown's early retirement benefits under the abuse of discretion standard. We review de novo "a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc).

[2] The parties argued before the district court that the decision of the Board of Trustees to suspend Brown's early retirement benefits should be reviewed for abuse of discretion. The district court found that it was not clear that abuse of discre-

---

the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract.

tion review was appropriate. The district court did not determine the correct standard of review, however, because it reasoned that its decision would be the same under either abuse of discretion or de novo review. Because we agree with the district court that the result would be the same under either standard of review, we likewise need not decide the question.

### III    The Decision of the Board of Trustees to Suspend Brown's Early Retirement Benefits.

The Board of Trustees erred under either an abuse of discretion or a de novo standard of review. *See McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000) ("A plan administrator's decision to deny benefits must be upheld under the abuse of discretion standard if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith.") (citing *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 944 (9th Cir. 1999)); *Sznewajs v. U.S. Bancorp Amended and Restated Supplemental Benefits Plan*, 572 F.3d 727, 733 (9th Cir. 2009) (explaining that under a de novo standard, "the court should grant no deference to the plan's decision").

The Board of Trustees's interpretation of the terms of the Plan was contrary to the Plan's plain language. The district court correctly found that Brown's employment with Siemens was not "employment as an electrical contractor" constituting "suspendible employment" under the Plan.

Section 9.8(c)(1) of the Plan states that "[t]o be considered retired prior to his Normal Retirement Date a Pensioner must refrain from any of the following activities" and lists five subparagraphs of prohibited activities. The specific subparagraph of 9.8(c)(1) at issue prohibits a pensioner from engaging in:

> (iv)    employment as an electrical contractor, including, but not limited to, bidding jobs, perform-

ing electrical construction work, hiring
employees, leasing buildings or equipment in
the name of the electrical company or solicit-
ing work[.]

The plain language of section 9.8(c)(1)(iv) prohibits an early
retirement benefits recipient from working "as an electrical
contractor," and then lists a number of tasks generally per-
formed by electrical contractors, one of which is "electrical
construction work." But that is not to say that performance of
any task included in the list automatically qualifies the person
performing the task as an "electrical contractor." For example,
electrical contractors may hire employees, but not every per-
son who hires employees is an electrical contractor. Similarly,
electrical contractors may perform electrical construction
work, but not every person performing electrical construction
work is an electrical contractor.

[3] In conflating "electrical construction work" with "em-
ployment as an electrical contractor," the Board of Trustees
ran afoul of our holding that "each provision in an agreement
should be construed consistently with the entire document
such that no provision is rendered nugatory." *Richardson v.
Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985
(9th Cir. 1997) (citing *Armistead v. Vernitron Corp.*, 944 F.2d
1287, 1293 (6th Cir. 1991)). As the facts of this case demon-
strate, Brown is not an electrical contractor — *Siemens* is the
electrical contractor, while *Brown* is a regular employee of
that company who performs electrical construction work.

[4] The Board of Trustees's interpretation of the Plan
creates a much broader category of prohibited activities than
is supported by the plain language of the Plan. *See Canseco
v. Constr. Laborers Pension Trust for S. Cal.*, 93 F.3d 600,
608 (9th Cir. 1996) (stating it is an abuse of discretion for
plan trustees to " 'impose a standard [of eligibility for pension
plan benefits] not required by the pension plan itself' ") (quot-
ing *Morgan v. Mullins*, 643 F.2d 1320, 1321 (8th Cir. 1981))

(alteration in original). The Board of Trustees erred when it suspended Brown's early retirement benefits because of his performance of electrical construction work. That work did not violate section 9.8(c)(1)(iv)'s prohibition on employment as an electrical contractor. Brown was employed by Siemens to install HVAC equipment. His relationship with Siemens is that of an employee, not as an independent electrical contractor.

## CONCLUSION

[5] Under abuse of discretion or de novo review, the Board of Trustees erred by interpreting the Plan in a way that contradicted the Plan's plain language. Accordingly, the judgment of the district court is

**AFFIRMED.**