NOT FOR PUBLICATION

FILED



AUG 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **WENDELL W. REINKING,** | No. 11-35363 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-00212-JWS |
| v. | |
| **ALYESKA PIPELINE SERVICE CO.; ALYESKA PIPELINE SERVICE CO. PENSION FOR OPERATING COMPANY EMPLOYEES, initially effective July 1, 1976; ALYESKA PIPELINE SERVICE CO. SEPARATION BENEFITS PLAN NO. 516; ALYESKA PIPELINE SERVICE CO. PENSION PLAN RETIREMENT AND TRUST COMMITTEE; ALYESKA PIPELINE SERVICE CO. HUMAN RESOURCES DEPARTMENT AS PLAN ADMINISTRATOR FOR ALYESKA SEPARATION BENEFITS PLAN NO. 516,** | **MEMORANDUM**[*] |
| Defendants - Appellants. | |

| | |
|---|---|
| **WENDELL W. REINKING,** | No. 11-35397 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|  |  |
|---|---|
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00212-JWS |
| v. | |
| **ALYESKA PIPELINE SERVICE CO.; ALYESKA PIPELINE SERVICE CO. PENSION FOR OPERATING COMPANY EMPLOYEES, initially effective July 1, 1976; ALYESKA PIPELINE SERVICE CO. SEPARATION BENEFITS PLAN NO. 516; ALYESKA PIPELINE SERVICE CO. PENSION PLAN RETIREMENT AND TRUST COMMITTEE; ALYESKA PIPELINE SERVICE CO. HUMAN RESOURCES DEPARTMENT AS PLAN ADMINISTRATOR FOR ALYESKA SEPARATION BENEFITS PLAN NO. 516,** | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 14, 2013
Anchorage, Alaska

Before:     **KOZINSKI**, Chief Judge, **BERZON** and **IKUTA**, Circuit Judges.

1.  The structural conflict of interest present in this case is entitled to little

weight because there's no evidence of malice, self-dealing, a suspect claims-

granting history, inadequate investigation of a claim or failure to credit a claimant's reliable evidence. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968–69 (9th Cir. 2006) (en banc).

**2.** The Pension Plan administrator didn't abuse its discretion in denying Reinking's application for benefits. See Conkright v. Frommert, 130 S. Ct. 1640, 1646 (2010); Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 981 (9th Cir. 2005). The Pension Plan's definition of "Employee" as "any person engaged in rendering personal services to the Employer for earnings considered wages under Section 3121(a) of the [Internal Revenue] Code" can reasonably be read to refer only to those employees on Alyeska's payroll. The plan administrator's decision to adopt such an interpretation doesn't violate ERISA's anti-cutback provision, see 29 U.S.C. § 1054(g), as the later amendments to the plan can reasonably be read as clarifications of the earlier language.

**3.** The Separation Plan administrator also didn't abuse its discretion in denying Reinking benefits. The plan explicitly distinguishes "regular" employees from "non-Alyeska contract personnel." Because Reinking was formally employed by a series of third-party staffing firms, not Alyeska, a plan administrator could reasonably conclude that he falls into the latter category.

The district court shall enter summary judgment for defendants.

**REVERSED.**

*Reinking v. Alyeska Pipeline Serv. Co.*, No. 11-35363
BERZON, Circuit Judge, concurring and dissenting:

I respectfully dissent as to the pension plan benefits but concur with regard to the separation benefits.

For the reasons explained by the district court, the plan administrator's interpretation of the phrase "any person engaged in rendering personal services to the Employer for earnings considered wages under Section 3121(a) of the [Internal Revenue] Code" was an abuse of discretion. In addition, the plan's separate reference to leased employees would be superfluous were Alyeska's interpretation of the 1989 definition of "Employee" correct. *See, e.g.*, *Brown v. S. Cal. IBEW-NECA Trust Funds*, 588 F.3d 1000, 1003 (9th Cir. 2009) ("[E]ach provision in an agreement should be construed consistently with the entire document such that no provision is rendered nugatory." (internal quotation marks omitted). I would therefore affirm the district court as to the pension benefits.